UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PARDY & RODRIGUEZ, P.A.,

      Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

      Defendant.

_____/

CASE NO.:

8:21 cv 1086 VMC - AAS

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION

      Defendant, ALLSTATE INSURANCE COMPANY (hereinafter "Allstate"), pursuant to 28 U.S.C. § 1446(b)(3), hereby petitions this Court for the removal of Plaintiff's Complaint in the above-styled action from the Circuit Court for the Twelfth Judicial Circuit, in and for Manatee County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and in support of its Notice of Removal states:

      1.    Defendant gives notice of the exercise of its rights under the provisions of 28 U.S.C. §1332, §1441 and §1446 to remove this action from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, in which this action was pending, in the name and style: *Pardy & Rodriguez, P.A. v. Allstate Insurance Company*, Manatee County Circuit Court case number 2021-CA-207.

      2.    This action arises from a January 10, 2019 automobile accident, for which Plaintiff initially represented Enrique Castaneda for injuries from same.  In August 2019, Plaintiff withdrew from representation, but maintained an Attorney Charging Lien, a copy

JRA -63857
$402

of which was attached to Plaintiff's Complaint as Exhibit B.

3.      Sometime after Plaintiff's representation of Mr. Castaneda, Allstate settled Ms. Castaneda's claim through his new counsel. Plaintiff alleges that, in doing so, Allstate failed to include Plaintiff as a payee on the settlement check in violation of the Charging Lien, and that he is entitled to "the reasonable value of his legal services which may be calculated using Plaintiff's attorney's fees percentage per the retainer agreement." (Complaint, ¶ 25). The Retainer Agreement, attached as Exhibit A to Plaintiff's Complaint, states that Plaintiff is entitled to 33.33% of any settlement up to $1,000,000.00.

4.      Relevant to the amount in controversy, prior to initiating this lawsuit, on June 29, 2020, Plaintiff provided Allstate with a written demand, alleging that pursuant to the Retainer Agreement and Florida law Plaintiff is entitled to $96,657 as the reasonable value of Plaintiff's services rendered up to termination of its representation of Mr. Castaneda. A copy of that demand letter is attached hereto as Exhibit "A."

5.      Relevant to diversity of citizenship, Plaintiff's Complaint states that Plaintiff is a Florida profit corporation and was at all times material hereto authorized to conduct business in the State of Florida as a law firm and was conducting business in Manatee County, Florida. (Complaint ¶ 2). Allstate is incorporated in the state of Illinois with its principal place of business in Springfield, Cook County, Illinois.

6.      Based upon the allegations and the facts set forth above, and in Plaintiff's Complaint, this is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332, which grants the United States District Court original jurisdiction over actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

7.     Contemporaneously with filing this Notice of Removal, Allstate has paid the removal fee to the Clerk of the United States District Court. A Notice of Removal has been filed simultaneously in the State court and with opposing counsel, in full compliance with 28 U.S.C. § 1446(d).

**MEMORANDUM OF LAW IN SUPPORT OF REMOVAL**

A defendant who desires to remove a civil cause of action from state court to a Federal district court may do so by following the procedures outlined in 28 U.S.C. § 1446. To remove a case commenced in State Court pursuant to 28 U.S.C. § 1441 and § 1332, all requirements of diversity jurisdiction must be met by the party seeking to remove. See Leonard v. Kern, 651 F. Supp. 263 (S.D. Fla. 1986). Complete diversity must exist between the parties and the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332; Id. at 264. Pursuant to 28 U.S.C. § 1441(a), a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

**I.   THE PARTIES ARE DIVERSE AND THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONALTHRESHOLD.**

One such basis for the original jurisdiction of the United States district court is diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Specifically, 28 U.S.C. § 1332(a) provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between, "(1) citizens of different States." Therefore, in order for a defendant to exercise its option to remove a case from state court to a federal district

court, it must normally demonstrate that all parties-plaintiff are diverse from all parties-defendant, and that the amount in controversy is greater than $75,000.00.

The burden is on the party wishing to remove to show that it has met all removal requirements. See Wright v. Continental Cas. Co., 456 F. Supp. 1075, 1078 (N.D. Fla. 1978).

Allstate has met all of the requirements to establish diversity jurisdiction in this matter. Defendant Allstate is a foreign corporation incorporated in the State of Illinois with its principal place of business located in Illinois. As to Plaintiff, Plaintiff is incorporated in the State of Florida with its principal place of business located in Florida. Thus, on the face of the Complaint, Plaintiff is a "citizen" of Florida, diverse from Allstate.

Allstate has also fulfilled the requirement that the amount in controversy exceeds $75,000.00. The amount in controversy is measured by determining the value of the litigation from the plaintiff's perspective. See Sandifer Partnership, Ltd. v. Dolgencorp, Inc., 2005 WL 2063790 (M.D. Fla. 2005) (citing Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc., 120 F.3d 216, 220 (11th Cir. 1997)). Plaintiff's Complaint seeks the reasonable value of services rendered, which Plaintiff has quantified as $96,657.00. A reasonable reading of Plaintiff's Complaint demonstrates that the amount in controversy from Plaintiff's perspective is well over $75,000.00, exclusive of interest, costs, and attorney's fees.

Therefore, Plaintiff clearly seeks damages in excess of the minimum jurisdictional requirements of this Court.

## II. **ALLSTATE'S REMOVAL IS TIMELY**

The United States Code provision governing removal procedure, 28 U.S.C. § 1446, states in pertinent part:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446(b)(3)

Because Allstate's Notice of Removal was filed within thirty days of April 2, 2021, when it first received Plaintiff's Complaint, removal was done in a timely manner.

## III. **ALL OTHER PROCEDURAL REQUIREMENTS HAVE BEEN MET.**

Section 1446(a) requires that a defendant desiring to remove a case file a signed notice of removal in the district court of the United States for the district and division within which such action is pending containing a short and plain statement of the grounds for removal, along with a copy of all process, pleadings, and orders served upon such defendant in such action.

28 U.S.C. § 1446(d) further provides that after the filing of such notice of removal of a civil action the defendant "shall give written notice thereof to all adverse parties" and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and stay the State court proceedings unless and until the case is remanded.

Allstate has filed its Notice of Removal within the 30-day deadline; likewise Allstate has satisfied the other procedural requirements by giving notice to Plaintiff, filing a Notice of Removal with the State Court, and attaching to its Notice of Removal all process,

pleadings, orders, and other papers or exhibits of every kind, including depositions, currently on file in the state court.

Respectfully submitted on May 3, 2021.

MARTINEZ DENBO, L.L.C.

BY: _/s / Jay M. Walker_
**JAY M. WALKER**
Florida Bar No. 0324670
2935 First Avenue North, Second Floor
St. Petersburg, FL 33713
Telephone:   (727) 894-3535
Facsimile:   (727) 502-9621
Primary email: jwalker@civillit.com
Secondary email: servicestp@civillit.com
Attorney for Defendant, Allstate

I hereby certify that on May 3, 2021 I mailed the foregoing to the Clerk of the Court via US Mail and sent copies, via E-Service, erodriguez@pardyrodriguezlaw.com and eservice@pardyrodriguez.com, to Eduardo Rodriguez, Esquire, Pardy & Rodriguez, PA, 315 Park Lake Circle, Orlando, FL 32803.

MARTINEZ DENBO, L.L.C.

BY: _/s / Jay M. Walker_
**JAY M. WALKER**
Florida Bar No. 0324670
2935 First Avenue North, Second Floor
St. Petersburg, FL 33713
Telephone:   (727) 894-3535
Facsimile:   (727) 502-9621
Primary email: jwalker@civillit.com
Secondary email: servicestp@civillit.com
Attorney for Defendant, Allstate

LAW OFFICES OF
# PARDY & RODRIGUEZ, P.A.

**ATTORNEYS:**
MATTHEW D. PARDY
EDUARDO RODRIGUEZ
DANIEL P. OSTERNDORF*
LOUCAS G. MORARIS
PERRY B. NAVA
FERAS HANANO
JEFFREY VIZCAINO
GIANCARLO RIVERA
BRADLEY BADER
*Florida Board Certified Civil Trial Attorney*

**315 PARK LAKE CIRCLE**
**ORLANDO, FLORIDA 32803**

**Mailing Address:**
**POST OFFICE BOX 3747**
**ORLANDO, FLORIDA 32802-3747**

June 29, 2020

TEL (407) 481-0066
FAX (407) 481-7939

PARDYRODRIGUEZLAW.COM

**OFFICES:**
ORLANDO • KISSIMMEE
POINCIANA • DAVENPORT
TAMPA BAY AREA
BRADENTON

*Via Certified Mail Return Receipt No.   7019 2280 0001 0401 3475*
Caroline Nest, Claims Specialist
Allstate Insurance Company
P.O. Box 660636
Dallas, TX 75266-0636

Re.:   Our Former Client:   Enrique Castaneda
      Date of Accident:   January 10, 2019
      Claim No.:   0530863828
      <u>**Demand for Satisfaction of Charging Lien and**</u>
      <u>**Statutory Notice Under Fla. Stat. 772.11 and 812.014**</u>

Dear Ms. Nest:

On January 14, 2019, our law firm entered a contingency-fee based contract to provide legal service for Mr. Enrique Castaneda. The legal services were related to a personal injury claim for injuries sustained on January 10, 2019. Before our firm could resolve Mr. Castaneda's claim, Mr. Castaneda terminated his attorney-client relationship with our firm without cause on August 28, 2019, and engaged Dennis Hernandez & Associates, P.A.. Prior to terminating our law firm, Allstate Insurance Company's last settlement offer was $290,000.00. Mr. Castaneda engaged

Under Florida law, "[A] lawyer discharged without cause is entitled to the reasonable value of his services on the basis of *quantum meruit*, but recovery is limited to the maximum fee set in the contract entered for those services." *Rosenberg v. Levin*, 409 So. 2d 1016, 1017 (Fla. 1982). In a case in which an attorney is discharged without cause, "a *quantum meruit* award must take into account the actual value of the services to the client. Thus, while the time reasonably devoted to the representation and a reasonable hourly fee are factors to be considered in determining a proper *quantum meruit* award, the court must consider all relevant factors surrounding the professional relationship to ensure that the award is fair to both the attorney and the client." *Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz*, 652 So. 2d 366, 369 (Fla. 1995) (citation omitted).

EXHIBIT A

In this case, our firm's work on the file included, but was not necessarily limited to, communicating with insurance adjusters, collecting and reviewing relevant medical records and bills, and keeping our former client, Mr. Castaneda, updated on the status of his case. In addition, our law firm prepared and sent a policy limits demand to Allstate Insurance Company (hereafter "Allstate") and entered into settlement negotiations with Allstate pursuant to discussions with Mr. Castaneda. Allstate made a settlement offer of $290,000.00 to settle Mr. Castaneda's claim. Our law firm offered and was prepared to litigate Mr. Castaneda's claim but was then terminated without cause. Thus, pursuant to our firm's contingency fee agreement with Mr. Castaneda, a charging lien in the amount of $96,657.00 is consistent with Florida law.

On August 29, 2019, we provided Allstate with notice of our charging lien (a copy of which is attached/enclosed hereto with a copy of a separate charging lien notice to Dennis Hernandez & Associates, P.A.), thereby perfecting our lien[1]. Under Florida law, a charging lien "is chargeable against a person who, at the time notice of intent to claim a lien is given, holds monies or property which become proceeds of a judgment to be entered in the future." *Brown v. Vt. Mut. Ins. Co.*, 614 So. 2d 574, 580 (Fla. 1st DCA 1993) (citation omitted); *see also Hutchins v. Hutchins*, 522 So. 2d 547, 549 (Fla. 4th DCA 1988) (a perfected lien is "chargeable against *any person* who, at the time notice of intent to claim a lien is given, holds monies or property which become proceeds of a judgment to be entered in the future.") (emphasis added). Allstate, as the paying party "[has] an affirmative duty to notify the [charging lien holder] of the settlement and to protect the law firm's lien interest in the settlement proceeds." *Hall, Lamb & Hall, P.A. v. Sherlon Invs. Corp.*, 7 So. 3d 639, 641 (Fla. 3d DCA 2009). If Allstate has disbursed, or disburses, any settlement proceeds without satisfying our charging lien, Allstate will be liable for payment of that lien and may be liable for any additional attorney's fees and costs accrued while collecting said lien. *Brown*, 614 So.2d at 581-82.

Upon information and belief, Mr. Castaneda's claim has been resolved by Allstate paying settlement money. Because Allstate was an entity that, at the time our notice of charging lien was received, held monies which could become proceeds of a settlement, we are demanding that Allstate satisfy our $96,657.00 charging lien. By paying proceeds protected by our charging lien, Allstate may be held jointly and severally liable for our charging lien along with the attorney's client to the extent of the settlement proceeds or other funds held. *Id.* at 580-81. Additionally, by not protecting our charging lien, NS CO will be liable for damages to our law firm through a negligence action. *GEICO Gen. Ins. Co. v. Steinger, Iscoe & Greene-II, P.A.*, 275 So. 3d 775 (Fla. 3d DCA 2019) (holding insurance company was negligent when it had a duty to protect law firm's perfected charging lien, breached said duty by releasing settlement funds to former client without

---

[1] "All that is required to entitle the attorney to perfect a charging lien is for the attorney to file the notice of lien or otherwise pursue the lien in the original action prior to its termination." *Brown v. Vt. Mut. Ins. Co.*, 614 So. 2d 574, 580 (Fla. 1st DCA 1993); *see also Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik v. Baucom*, 428 So 2d 1383, 1385 (Fla. 1983).

2

Our Former Client:     Enrique Castaneda
Claim Number:          0530863828

obtaining law firm's waiver of its lien or a Hold Harmless agreement, and law firm suffered resulting damages.)

Under Florida law, Allstate's failure to satisfy our charging lien also constitutes common-law conversion[2]. Before we can file suit to collect money owed because of our charging lien, however, we must provide a written demand to Allstate, demanding that Allstate pay the money. In this case, the amount owed because of our charging lien is $96,657.00 This letter is intended to satisfy our obligation to provide Allstate with a demand to pay the money, as required by Florida law.   **If Allstate satisfies our $96,657.00 charging lien within twenty days, we will release Allstate from any claims based on that lien, including negligence, quantum meruit, conversion, and civil theft claim. However, if our charging lien is not satisfied by paying the full amount of the charging lien of $96,657.00 within twenty days, we will be forced to file a lawsuit for any and all relief allowed under Florida law.**

<u>Civil Theft Notice</u>

Additionally, Under Florida law, Allstate's failure to satisfy our $96,657.00 charging lien also constitutes civil theft.[3] Florida's "Civil Remedies for Criminal Practices Act" (the "Act") provides for treble damages for civil theft. Before we can file suit to collect that compensation, we must provide a written demand to Allstate, demanding that Allstate pay the treble damage amount. Under the Act, Allstate has thirty days from the date of this letter to pay our demand for treble damages, which in this case would be $289,971. This letter is intended to satisfy our obligation to provide Allstate with a written demand, as required by the Act. If Allstate satisfies our claim for civil theft by tendering the treble damages amount, we will release Allstate from any claims based on or incorporating that claim, including the charging lien and the conversion claims. However, if that amount is not tendered within thirty days of the date of this letter, we will be forced to file suit to collect the money owed under the Act, including reasonable attorneys' fees and court costs.[4]

If you have any questions, feel free to contact me. Please govern yourself accordingly.

Sincerely,

Eduardo Rodriguez

Enclosures

---

[2] *See, e.g., United States v. Bailey*, 288 F. Supp. 2d 1261, 1264 (M.D. Fla. 2003 (citing Florida law).
[3] *See* Fla. Stat. §§ 772.11 and 812.014.
[4] *See* Fla. Stat. § 772.11 (authorizing trial courts to tax reasonable attorneys' fees and court costs against the party guilty of civil theft).

3

Our Former Client:     Enrique Castaneda
Claim Number:          0530863828

Cc:    Dennis Hernandez, Esq. (<u>via U.S. mail and fax no 813/258-4567</u>; with enclosures)
       Dennis Hernandez & Associates, P.A.
       3339 W. Kennedy Blvd.
       Tampa, FL 33609

4

Our Former Client:      Enrique Castaneda
Claim Number:           0530863828