UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PARDY & RODRIGUEZ, P.A.,

    Plaintiff,

vs.                                CASE NO.: 8:21-CV-1086-VMC-AAS

ALLSTATE INSURANCE COMPANY,

    Defendant,

vs.

DENNIS HERNANDEZ & ASSOCIATES, P.A.
    Third-party Defendant.
_____

### THIRD-PARTY DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Third-party Defendant, DENNIS HERNANDEZ & ASSOCIATES, P.A., by and through the undersigned counsel, pursuant to Rules 12 and 15(a)(1)(A), Fed. R. Civ. P., hereby serves its Answer, Affirmative Defenses, and Demand for Jury Trial.

### ANSWER TO THIRD-PARTY COMPLAINT

1. Admitted for jurisdictional purposes only.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Third-party Defendant is without sufficient knowledge to admit or deny.
8. Denied.
9. Admitted.
10. Third-party Defendant is without sufficient knowledge to admit or deny.
11. Third-party Defendant is without sufficient knowledge to admit or deny.

## AS TO COUNT 1 – BREACH OF CONTRACT

12. Third-party Defendant incorporates its responses to the allegations contained in Paragraphs 1-11 as if fully contained herein.
13. Admitted.
14. Third-party Defendant is without sufficient knowledge to admit or deny.
15. Admitted
16. Denied as phrased.
17. Third-party Defendant is without sufficient knowledge to admit or deny.

## AS TO COUNT II – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

18. Third-party Defendant incorporates its responses to the allegations contained in Paragraphs 1-17 as if fully contained herein.
19. Admitted.
20. Third-party Defendant is without sufficient knowledge to admit or deny.
21. Admitted
22. Denied
23. Denied.
24. Denied.

## AS TO COUNT III – UNJUST ENRICHMENT

25. Third-party Defendant incorporates its responses to the allegations contained in Paragraphs 1-24 as if fully contained herein.
26. Third-party Defendant is without sufficient knowledge to admit or deny.
27. Third-party Defendant is without sufficient knowledge to admit or deny.
28. Third-party Defendant is without sufficient knowledge to admit or deny.
29. Admitted, DENNIS HERNANDEZ & ASSOCIATES, PA, accepted the available policy limits conferred upon it by Allstate, denied as phrased.
30. Denied.
31. Denied
32. Denied.

## AFFIRMATIVE DEFENSES

1. Third-party Plaintiff's Complaint (or portions thereof) fails to state a cause of action against Third-party Defendant.
2. Plaintiff is entitled to any recovery from Third-party Plaintiff and; therefore, Third-party Plaintiff cannot recovery indemnification from Third-party Defendant
3. Third-party Plaintiff has not satisfied all conditions precedent to filing this suit against Third-party Defendant.

## DEMAND FOR JURY TRIAL

Third-party Defendant demands a jury trial on all issues so triable.

**WHEREFORE**, Third-party Plaintiff should take nothing by this action and Third-party Defendant should go hence without day.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via electronic service to: Jennifer C. Worden, Esq. (jworden@civillit.com; ServiceSTP@CivilLit.com), Jeremy M. Walker, Esq. (jwalker@civillit.com), this 23rd day of June, 2021.

_____
Dennis Hernandez, Esquire
Florida Bar Number: 915210
Luis G. Figueroa, B.C.S.
Florida Bar Number: 294268
Dennis Hernandez & Associates, P.A.
3339 West Kennedy Boulevard
Tampa, Florida 33609
Telephone: (813)250-0000
Facsimile: (813)258-4567
Litigation@DennisHernandez.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PARDY & RODRIGUEZ, P.A.,

    Plaintiff,                                    CASE NO.:    8:21-CV-1086-VMC-AAS

vs.

ALLSTATE INSURANCE COMPANY,

    Defendant.

vs.

DENNIS HERNANDEZ & ASSOCIATES, P.A.
    Third-party Defendant, Third-party Plaintiff

vs.

PARDY & RODRIGUEZ, P.A.
    Third-party Defendant

_____

## THIRD-PARTY CROSSCLAIM

Third-party Defendant/Third-party Plaintiff, DENNIS HERNANDEZ & ASSOCIATES, P.A. ("HERNANDEZ"), pursuant to Rule 13(g) and Rule 14(a), Federal Rules of Civil Procedure, sues Plaintiff/Third-party Defendant PARDY & ASSOCIATES, P.A. ("PARDY"), and alleges:

### JURISDICTIONAL BASIS AND PARTIES

1. This Court has jurisdiction over HERNANDEZ'S claims herein pursuant to 28 U.S.C. §1332 This is a negligence action for compensatory damages exceeding Seventy-five Thousand Dollars ($75,000.00) exclusive of costs and interest.

2. At all times material hereto, HERNANDEZ is a Florida profit corporation authorized to conduct business in the State of Florida and was conducting business in Hillsborough County, Florida.

3. At all times material hereto, PARDY is a Florida profit corporation and was at all times material hereto authorized to conduct business in the State of Florida as a law firm and was conducting business in Hillsborough County, Florida.

## GENERAL FACTUAL ALLEGATIONS

4. On or about January 10, 2019, Mr. Enrique Castaneda Salinas (Mr. Castaneda") was involved in a motor vehicle incident in Manatee County, Florida.

5. Some time after January 10, 2019, Mr. Castaneda retained Plaintiff/Third-party Defendant Pardy & Rodriguez, P.A., ("Pardy"), to represent him pertaining to personal injuries sustained in said motor vehicle incident.

6. Mr. Casteneda cancelled the original contingency fee agreement as he was dissatisfied with the services provided by Plaintiff/Third-party Defendant Pardy & Rodriguez, P.A., ("Pardy").

7. At the time of the cancellation of the contingency fee agreement by Mr. Casteneda, the contingency that formed the basis of the contingency fee agreement had not occurred.

8. On May 24, 2021, a Third-Party Complaint was filed against HERNANDEZ alleging Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing, among other allegations.

## COUNT 1 - LACHES

9. Third-party Defendant/Third-party Plaintiff re-alleges and incorporates the allegations contained within paragraphs one through eight as if fully set forth herein.

10. While PARDY & RODRIGUEZ, P.A. alleges that they properly filed their lien and provided notice of their lien, they took to action to demonstrate the validity of the lien amount. A bare bone claim of a lien is not sufficient to allow anyone with notice of the lien to attempt to resolve said lien.

11. PARDY & RODRIGUEZ, P.A. was asked on several occasions to provide hourly records to justify their claim of lien and they did not do so.

12. PARDY & RODRIGUEZ, P.A. were required to provide said information in order to create a valid lien under prevailing case law.

13. Failure on the part of PARDY & RODRIGUEZ, P.A. to properly assert their lien rights within a reasonable time resulted in the extinguishment of their asserted lien rights.

14. Third party DENNIS HERNANDEZ & ASSOCIATES, P.A. has been harmed by PARDY & RODRIGUEZ, P.A.'s failure to properly substantiate it's lien rights.

15. HERNANDEZ has incurred damages by PARDY's failure to satisfy the charging lien, including but not limited to attorney's fees incurred in defending itself in the instant suit brought by PARDY & RODRIGUEZ, P.A., against ALLSTATE for claims arising from the failure to satisfy the lien asserted by PARDY & RODRIGUEZ, P.A.

**WHEREFORE,** Third-party Defendant/Third-party Plaintiff, DENNIS HERNANDEZ & ASSOCIATES, P.A., requests judgment against Plaintiff/Third-party Defendant, PARDY & RODRIGUEZ, P.A., for damages in a sum within the jurisdictional limits of this court, together with costs of suit and such further relief as the court deems proper. Plaintiff, Third-party Defendant/Third-party Plaintiff, DENNIS HERNANDEZ & ASSOCIATES, P.A., demands a trial by jury.

## COUNT II - WAIVER OF LIEN

16. Third-party Defendant/Third-party Plaintiff re-alleges and incorporates the allegations contained within paragraphs ten through fifteen as if fully set forth herein.

17. PARDY failed to provide documentation substantiating their lien despite requests to do so. As a result, settlement funds were fully disbursed to the injured party, Mr. Castaneda. PARDY's lack of diligence constituted a waiver of any potential lien.

**WHEREFORE,** Third-party Defendant/Third-party Plaintiff, DENNIS HERNANDEZ & ASSOCIATES, P.A., requests judgment against Plaintiff/Third-party Defendant, PARDY & RODRIGUEZ, P.A., for damages in a sum within the jurisdictional limits of this court, together with costs of suit and such further relief as the court deems proper. Plaintiff, Third-party Defendant/Third-party Plaintiff, DENNIS HERNANDEZ & ASSOCIATES, P.A., demands a trial by jury.

### COUNT III - QUANTUM MERIUT

18.  Third-party Defendant/Third-party Plaintiff re-alleges and incorporates the allegations contained within paragraphs ten through fifteen as if fully set forth herein.

19.  As the contingency, which formed the basis of the contingency fee agreement between PARDY and Casteneda was never realized PARDY's sole potential for award of fees would be pursuant to a claim for Quantum Meriut. PARDY refused and neglected to provide any evidence of entitlement to Quantum meriut fees and therefore, its lien should be deemed extinguished.

**WHEREFORE,** Third-party Defendant/Third-party Plaintiff, DENNIS HERNANDEZ & ASSOCIATES, P.A., requests judgment against Plaintiff/Third-party Defendant, PARDY & RODRIGUEZ, P.A., for damages in a sum within the jurisdictional limits of this court, together with costs of suit and such further relief as the court deems proper. Plaintiff, Third-party Defendant/Third-party Plaintiff, DENNIS HERNANDEZ & ASSOCIATES, P.A., demands a trial by jury.

### COUNT IV - FAILURE TO JOIN AN INDISPENSABLE PARTY

20.  Third-party Defendant/Third-party Plaintiff re-alleges and incorporates the allegations contained within paragraphs ten through fifteen as if fully set forth herein.

21. All settlement monies have been disbursed in accord with established equitable principals including monies held in trust for over a one-year period; therefore, PARDY's failure to join an indispensable party, to-wit, Mr. Castenada further extinguishes any claim of lien.

**WHEREFORE,** Third-party Defendant/Third-party Plaintiff, DENNIS HERNANDEZ & ASSOCIATES, P.A., requests judgment against Plaintiff/Third-party Defendant, PARDY & RODRIGUEZ, P.A., for damages in a sum within the jurisdictional limits of this court, together with costs of suit and such further relief as the court deems proper. Plaintiff, Third-party Defendant/Third-party Plaintiff, DENNIS HERNANDEZ & ASSOCIATES, P.A., demands a trial by jury.

### CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law of by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

Date: June 23, 2021

_____
Dennis Hernandez, Esquire
Florida Bar Number: 915210
Luis G. Figueroa, B.C.S.
Florida Bar Number: 294268
Dennis Hernandez & Associates, P.A.
3339 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 250-0000
Facsimile: (813) 258-4567

Email: Litigation@DennisHernandez.com
Attorney for the Third-Party Defendant