UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PARDY & RODRIGUEZ, P.A.,

    Plaintiff / Crossclaim-Defendant

v.                          Case No. 8:21-cv-1086-VMC-AAS

ALLSTATE INSURANCE COMPANY,

    Defendant / Third-Party Plaintiff

v.

DENNIS HERNANDEZ & ASSOCIATES, P.A.,

    Third-Party Defendant / Crossclaim-Plaintiff.

_____/

**ORDER**

    This matter comes before the Court upon consideration of Crossclaim-Defendant Pardy & Rodriguez, P.A.'s Motion to Dismiss Crossclaim (Doc. # 24), filed on July 14, 2021. Crossclaim-Plaintiff Dennis Hernandez & Associates, P.A. responded in opposition on July 26, 2021. (Doc. # 25). For the reasons that follow, the Motion is denied as moot.

**I.   Background**

    This lawsuit arises from a January 2019 automobile accident. (Doc. # 1-1 at 1). Enrique Castaneda originally hired Pardy & Rodriguez, P.A. ("Pardy") to represent him with

1

respect to injuries he suffered in that accident. (Id.). According to the complaint, Allstate Insurance Company ("Allstate") was the third-party liability insurance carrier for the at-fault party in the accident. (Id. at 2). In August 2019, Castaneda terminated Pardy's services "without cause" and retained Dennis Hernandez & Associates, P.A. ("Hernandez") to represent him with respect to the accident. (Id.).

Shortly thereafter, Pardy served a notice of charging lien for its attorneys' fees and costs on Allstate and Hernandez. (Id.; see also Doc. # 1-1, Exh. B). The lien notice to Allstate requested that Allstate contact Pardy before the claim was settled "and ensure that [Pardy's] name is placed on any settlement draft as a payee." (Doc. # 1-1, Exh. B at 1). The lien notice to Hernandez also requested that Pardy be notified before settlement of the claim. (Id. at 2).

According to the complaint, when the underlying personal-injury suit was settled in late 2019 or early 2020, Allstate disbursed settlement funds to Castaneda and Hernandez, without paying Pardy's lien. (Doc. # 1-1 at 2-3).

In January 2021, Pardy therefore filed the instant action against Allstate in Florida state court, alleging a

claim to enforce its lien and a claim for negligence. (Id. at 3-5). Allstate removed the case to this court. (Doc. # 1).

In May 2021, Allstate filed a third-party complaint against Hernandez, alleging that it had an agreement with Hernandez whereby Hernandez would resolve Pardy's lien upon settlement of the underlying personal-injury claim and that Hernandez failed to do so. (Doc. # 7). Accordingly, Allstate brings claims for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment against Hernandez. (Id.). Hernandez filed an answer to the third-party complaint and, in the same document, asserted "crossclaims" against Pardy for laches, waiver of lien, quantum meruit, and failure to join an indispensable party. (Doc. # 20).

Pardy now moves to dismiss the crossclaims for failure to state a claim. (Doc. # 24). Hernandez has responded (Doc. # 25), and the Motion is ripe for review.

## II.  Discussion

Pardy argues that the four causes of action raised by Hernandez are not causes of action at all but, rather, affirmative defenses. (Doc. # 24 at 3). Hernandez's response in opposition does not counter this argument. Rather, Hernandez focuses on the prejudice and harm it will face if

3

it is not allowed to raise these issues against Pardy. In other words, Hernandez appears to believe itself hamstrung by Pardy's failure to name Hernandez as an original defendant and, therefore, at the mercy of Allstate to raise the appropriate defenses. See (Doc. # 25 at 3 (arguing that, by Pardy's failure to join Hernandez as an original defendant, "Hernandez is at the mercy of whatever defenses Allstate raises and Allstate claims. . . . [Allstate can seek indemnification from Hernandez] without Hernandez having a proper opportunity to be heard.")).

Two Federal Rules of Civil Procedure are pertinent here. First, under Rule 8(c)(2), if a party "mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." Fed. R. Civ. P. 8(c)(2). Second, under Rule 14(a)(2), a third-party defendant (like Hernandez) may assert against the original plaintiff "any defense that the third-party plaintiff has to the plaintiff's claim" and "any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a)(2)(C), (D).

Although the Court in its independent research could locate no caselaw interpreting the confluence of these two Rules, the Court has an obligation to construe the Federal Rules so as "to secure the just, speedy, and inexpensive determination" of its cases. <u>See</u> Fed. R. Civ. P. 1. Treating the claims brought by Hernandez in conformity with Rule 8(c)(2) furthers this stated directive of the Rules and promotes the interests of justice and judicial efficiency. <u>See Gulf Grp. Holdings, Inc. v. Coast Asset Mgmt. Corp.</u>, 516 F. Supp. 2d 1253, 1265 (S.D. Fla. 2007) (writing that the federal procedural rules "are designed to assist in case management and to prevent prejudice to litigants, not to provide avenues for a litigant to escape liability on the basis of opposing counsel's technical misstep"); <u>see also</u> Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Thus, while Rule 8(c)(2) cites "counterclaims" as opposed to "crossclaims" or "claims made under Rule 14(a)(2)(D),"[1] it is the Court's determination that Rule

---

[1] Even if Hernandez had stated an actual cause or causes of action against Pardy, the original plaintiff, they would not be true "crossclaims" under Rule 13(g) but, rather, would fall under the provisions of Rule 14(a)(2)(D). <u>See Pitcavage v. Mastercraft Boat Co.</u>, 632 F. Supp. 842, 849-50 (M.D. Pa. 1985) (striking "crossclaim" filed by third-party defendant

8(c)(2)'s directive applies with equal force here. Thus, although Hernandez has designated these averments as "crossclaims," the Court will determine whether they should more accurately be labeled as affirmative defenses.

The major difference between affirmative defenses and counterclaims, or crossclaims for that matter, is that "counterclaims are bases on which a jury can award damages while . . . affirmative defenses are merely ways in which [a] defendant can avoid liability." Fed. Deposit Ins. Corp. v. Stovall, No. 2:14-cv-00029-WCO, 2014 WL 8251465, at *2 (N.D. Ga. Oct. 2, 2014). "A defense is offered as some reason why the plaintiff's requested recovery should be diminished or eliminated, and a counterclaim is 'essentially an action which asserts a right to payment.'" Id. (citing Am. First Fed., Inc. v. Lake Forest Park, Inc., 198 F.3d 1259, 1264 (11th Cir. 1999)). With this background in mind, the Court turns to each of the claims raised by Hernandez.

---

against the original plaintiffs because plaintiffs were not "coparties" with the third-party defendant under Rule 13, and holding that third-party defendant's claims against plaintiff were more properly asserted as affirmative defenses); see also § 1407 Pleading and Proper Labeling of Counterclaims and Crossclaims, 6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1407 (3d ed.) ("[C]laims asserted by third-party defendants against the original plaintiff, as provided for in Rule 14(a)(2)(D), often are mistakenly labeled as counterclaims or crossclaims, although technically they are neither.").

A.   **Laches and Waiver**

Hernandez brings Counts 1 and 2 for laches and waiver of lien, respectively. Here, in the purported crossclaims, Hernandez claims that Pardy's lien has been extinguished because (1) Pardy failed to, or unreasonably delayed in, providing Hernandez with records or information to justify their lien claim, despite being repeatedly asked to do so, and (2) Pardy's failure to timely provide such documentation resulted in a waiver of the lien and the settlement funds being fully disbursed to Castaneda. (Doc. # 20 at ¶¶ 9-17).

Under the Federal Rules of Civil Procedure, both laches and waiver are listed as affirmative defenses. Fed. R. Civ. P. 8(c)(1). As such, laches is considered to be an affirmative defense and not a proper cause of action. See Sandigo v. Trump, No. 18-20133-CIV, 2019 WL 1243464, at *2 (S.D. Fla. Mar. 18, 2019) ("[L]aches is an affirmative defense, not a cause of action."); see also Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs, 781 F.3d 1271, 1283 (11th Cir. 2015) (explaining that "laches is a defense sounding in equity"). Likewise, waiver is merely an affirmative defense which should be pled as part of an answer. In re Lexi Dev. Co., Inc., 453 B.R. 440, 446 (Bankr. S.D. Fla. 2011); SCI, Inc. v. Engineered Concepts, Inc., No. 1:10-cv-01416-CC, 2013

7

WL 163665, at *5 (N.D. Ga. Jan. 14, 2013) ("Summary judgment is proper on SCI's final claim because estoppel and waiver are affirmative defenses and not causes of action.")

Accordingly, under Rule 8(c)(2), the Court will treat Hernandez's claims for laches and "waiver of lien" as affirmative defenses to Pardy's complaint.

**B.   Quantum meruit**

Hernandez's third "crossclaim" is labeled "quantum meruit." (Doc. # 20 at ¶¶ 18-19). While Florida law does recognize quantum meruit as an equitable remedy, see White Holding Co. LLC v. Martin Marietta Materials, Inc., 423 F. App'x 943, 946 (11th Cir. 2011), that does not appear to be what Hernandez is asserting.   In the crossclaim, Hernandez writes:

> As the contingency, which formed the basis of the contingency fee agreement between Pardy and Castaneda was never realized[,] Pardy's sole potential for award of fees would be pursuant to a claim for Quantum Meriut [sic]. Pardy refused and neglected to provide any evidence of entitlement to Quantum meruit fees and therefore, its lien should be deemed extinguished.

(Doc. # 20 at ¶ 19). Here, Hernandez is not claiming that he conferred a benefit on Pardy, the acceptance of which gave Pardy some inequitable benefit or boon, as typically required to state an equitable claim for quantum meruit or unjust

enrichment. Instead, it appears to be claiming that because Pardy's sole remedy here is for quantum meruit attorney's fees, which it has not shown any entitlement to, Hernandez should not be forced to pay the lien. This reading is confirmed by Hernandez's response to the Motion, which reiterates its arguments that, while an attorney may recover quantum meruit fees in a contingency-fee case where the contingency never arises, Pardy continuously refused to provide documentation of its entitlement to or amount of fees and costs to Hernandez. (Doc. # 25 at 8).

This argument is thus a continuation of the laches and waiver defenses earlier asserted by Hernandez and is more properly an affirmative defense rather than a true cause of action. See Roberge v. Hannah Marine Corp., 124 F.3d 199, 199 (6th Cir. 1997) ("An affirmative defense . . . does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven.")); see also CDM Constructors Inc. v. Randall Mech. Inc., No. 1:19-cv-1178-MHC, 2019 WL 7819488, at *2–3 (N.D. Ga. Oct. 21, 2019) (interpreting party's "counterclaims" for abandonment of a contract as an affirmative defense under Rule 8(c)(2) because there was

caselaw for interpreting this contention as a defense, but not for interpreting it as an affirmative cause of action).

Under Rule 8(a)(2), the Court will treat Hernandez's claim for quantum meruit as an affirmative defense to Pardy's complaint.

### C.   **Failure to join**

Finally, Hernandez makes the claim that Pardy's failure to join Castaneda as an indispensable party "further extinguishes any claim of lien."[2] (Doc. # 20 at ¶ 21).

While failure to join an indispensable party is more routinely raised in a motion to dismiss under Rule 12, it is sometimes pled and allowed as an affirmative defense or a specific denial in an answer. See Sec. & Exch. Comm'n v. BIH Corp., No. 2:10-cv-577-JES-DNF, 2013 WL 1212769, at *6 (M.D. Fla. Mar. 25, 2013)(denying motion to strike the affirmative defense of failure to join a party); cf. Leedom Mgmt. Grp., Inc. v. Perlmutter, No. 11-cv-2108-VMC-TBM, 2012 WL 1883765, at *7 (M.D. Fla. May 22, 2012) (treating failure to join indispensable parties – which was pled as an affirmative

---

[2] In its response to the Motion, however, Hernandez appears to take issue instead with Pardy's failure to join Hernandez as an indispensable party. (Doc. # 25 at 9). The Court's determination that this argument is more properly treated as an affirmative defense is unaffected by this discrepancy.

defense – as a denial, and not as a true affirmative defense).
Indeed, under Rule 12(h)(2), the defense of failure to join
a party under Fed. R. Civ. P. 19(b) may be raised "in any
pleading allowed or ordered under Rule 7(a)," which in turn
allows multiple forms of pleadings, including answers and
answers to a third-party complaint. Fed. R. Civ. P. 12(h)(2),
7(a).

Because failure to join a party is more correctly
understood as a denial or an affirmative defense than as an
offensive cause of action, the Court will treat Hernandez's
claim as an affirmative defense to Pardy's complaint under
Rule 8(a)(2). See Leedom, 2012 WL 1883765, at *7 (letting the
defense survive even though it was not a "true" affirmative
defense).

Although the Court has determined that Hernandez's
"claims" against Pardy are, in reality, affirmative defenses,
it disagrees with Hernandez that Hernandez is left without an
avenue in which to raise them against Pardy. Recall that Rule
14(a)(2)(C) allows third-party defendants to assert against
the original plaintiff "any defense that the third-party
plaintiff has to the plaintiff's claim." Fed. R. Civ. P.
14(a)(2)(C).

Multiple courts have explained that the rationale behind Rule 14(a) is to prevent collusion between the plaintiff and defendant and avoid the prejudice and unfairness that would result by subjecting a third-party defendant to a judgment which it had no opportunity to defend against. See Beaver v. Tarsadia Hotels, 315 F.R.D. 346, 349 (S.D. Cal. 2016); Lindner v. Meadow Gold Dairies, Inc., 515 F. Supp. 2d 1141, 1148–49 (D. Haw. 2007) (holding that a third-party defendant could raise a statute-of-limitations defense to defeat plaintiff's claim at the summary judgment stage); Carey v. Schuldt, 42 F.R.D. 390, 395 (E.D. La. 1967) ("The reason for allowing the third-party defendant to assert these defenses is that it is bound by the adjudication of defendant's liability to the plaintiff. Thus, it affords protection to the third-party defendant if the defendant neglects to assert the defenses.").

As the Advisory Committee Notes to Rule 14 explain:

[R]ule 14(a) has been expanded to clarify the right of the third-party defendant to assert any defenses which the third-party plaintiff may have to the plaintiff's claim. This protects the impleaded third-party defendant where the third-party plaintiff fails or neglects to assert a proper defense to the plaintiff's action.

Fed. R. Civ. P. 14(a) Advisory Comm. Notes to 1946 Amendment.

That brings the Court to the next question – are these affirmative defenses that Allstate, as the original defendant and third-party plaintiff, could have raised against Pardy? The Court believes that they are. None of the defenses raised by Hernandez are personal to Allstate, and are instead all defenses or objections permitted by Rules 8 and 12. "A third-party defendant may assert against plaintiff the defenses or objections permitted by Rule 8 and Rule 12. . . . However, the third-party defendant may not object to the court's lack of personal jurisdiction over defendant under Rule 12(b)(2), its lack of venue over the original action under Rule 12(b)(3), or defective service under Rules 12(b)(4), (5)[.] These matters are considered the original defendant's personal defenses and therefore are not available to the third-party defendant." 6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1457 (3d ed.)

Accordingly, under Federal Rules of Civil Procedure 8 and 14, the Court will treat Hernandez as appropriately raising the affirmative defenses of laches, waiver, failure to join an indispensable party and what it deems "quantum meruit" against Pardy through its answer to the third-party complaint. See Carey, 42 F.R.D. at 394-95 (determining that, under Rule 14, third-party defendant may assert in the answer

13

to the third-party complaint any defenses that it has to the
original plaintiff's claim).

D. **Indemnification**

Hernandez argues in its response that it seeks to bring
a claim for indemnity against Pardy. (Doc. # 25 at 5-6). Yet
Hernandez raised no such claim in its pleading. Hernandez
cannot assert an entirely new claim in a response to a motion
to dismiss. See Huls v. Liabona, 437 F. App'x 830, 832 n.4
(11th Cir. 2011) (finding argument not properly raised where
plaintiff asserted it for the first time in response to
defendant's motion to dismiss, instead of seeking leave to
file an amended complaint); cf. Davis v. Cothern, 482 F. App'x
495, 497 (11th Cir. 2012) ("A plaintiff may not amend her
complaint through argument in a brief opposing summary
judgment.")

Hernandez argues that the four purported claims it did
present "are based upon and sound in claims for recognized
claims of Indemnification." (Doc. # 25 at 4). Yet pleadings
are required to give the other side "fair notice." See
Ashcroft v. Iqbal, 556 U.S. 662, 698-99 (2009). "[I]f claims
or theories are nowhere to be found in the complaint, it would
be unfair to require a defendant to defend against such claims
or theories that it learns of, for the first time, during

14

summary judgment" or, for that matter, in response to a motion to dismiss. See Globeranger Corp. v. Software AG, No. 3:11-cv-403-B, 2014 WL 4968053, at *2 (N.D. Tex. Oct. 6, 2014). Hernandez clearly knows the elements of a common-law indemnity claim; it laid them out in its response to the Motion. Here, where the thrust of Hernandez's purported claims are that Pardy unreasonably delayed and refused to provide documentation or justification for the fees and costs it sought, that does not give Pardy fair notice that Hernandez was, in actuality, attempting to state a claim for indemnification.

## III. **Conclusion**

In sum, none of Hernandez's asserted "crossclaims" are affirmative claims for relief but are, instead, affirmative defenses. See In re Elec. Mach. Enters., Inc., 416 B.R. 801, 871 (Bankr. M.D. Fla. 2009) (explaining that "where the defense merely gives a reason for why the plaintiff should not prevail, it is simply a defense"). For the reasons explained above, and in accordance with Rule 8(c)(2), the Court will treat these claims as affirmative defenses. Accordingly, Pardy's Motion to Dismiss the "crossclaims" is denied as moot. See CDM Constructors, 2019 WL 7819488, at *2-3 (denying as moot motion to dismiss counterclaims, where the

15

court treated those counterclaims as affirmative defenses under Rule 8(c)(2)); <u>Bank of the Ozarks v. Cap. Mortg. Corp.</u>, No. 1:12-cv-0405-CAP, 2012 WL 13013981, at *5 (N.D. Ga. Dec. 20, 2012) (same).

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Pardy & Rodriguez, P.A.'s Motion to Dismiss Crossclaim (Doc. # 24) is **DENIED AS MOOT**. Pursuant to Federal Rules of Civil Procedure 8 and 14, the Court will treat the "crossclaims" raised by Dennis Hernandez & Associates, P.A. as affirmative defenses to Pardy's original complaint.

(2) Accordingly, the Clerk is directed to remove the designation of "cross claimant" and "cross defendant" from the docket.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>17th</u> day of September, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

16